Filed: 3/1/2023 12:42 PM
Michael Gould
District Clerk
Collin County, Texas
By Rachel Bail Deputy
Envelope ID: 73233288

CAUSE NO. 296-01045-2023

| | | |
|---|---|---|
| **RYAN KAMINSKI** | § | **IN THE DISTRICT COURT OF** |
| *PLAINTIFF* | § | |
| | § | |
| VS. | § | **COLLIN COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE & PROPERTY** | § | |
| **INSURANCE COMPANY** | § | _____ **JUDICIAL DISTRICT COURT** |
| *DEFENDANT* | § | |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, RYAN KAMINSKI. ("Kaminski" or "Plaintiff") and files his Original Petition and Request for Disclosures against Allstate Vehicle & Property Insurance Company ("Allstate" or "Defendant") and would respectfully show the following:

### RULE 194 DISCOVERY LEVEL II CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of the Texas Rules of Civil Procedure, Rule 190.4. Pursuant to Rule 47, Plaintiff seeks monetary relief of less than $250,000.

### PARTIES

2. Plaintiff is a Texas resident and resides in Collin County Texas, and is the named insured under a Policy of insurance issued by Allstate for his property located at 615 West Lamar Street, McKinney, Collin County, Texas (the "Property").

3. Allstate Vehicle & Property Insurance Company is a foreign fire and casualty insurance company licensed to sell property and casualty insurance in the State of Texas and may be served by serving its registered agent as follows:

    CT Corporation System
    1999 Bryan St. Suite 900
    Dallas TX 75201-3136

## JURISDICTION AND VENUE

4. This Court has jurisdiction of these causes of action in that it involves an amount in controversy within the original jurisdiction of this Court and Defendant engaged in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of the Defendant's business activities in the State of Texas.

5. Venue is proper in this County pursuant to Texas Civil Practice & Remedies Code, §15.002 as Collin County, Texas is where all or a substantial portion of the events took place, and pursuant to Texas Civil Practice & Remedies Code, Section §15.032 as Collins County, Texas is where the Property is located.

## FACTS

6. Allstate issued its insurance policy #886 940 311, insuring Plaintiff's Property located at 615 W. Lamar, McKinney, TX 75069. On or about February 15, 2021, Texas suffered a major power crisis with rolling blackouts and record-low-freezing temperatures, causing extensive damage to Plaintiff's Property. As the weather worsened, President Biden approved Governor Abbott's request for a Federal Emergency Declaration authorizing the Department of Homeland Security and the Federal Emergency Management Agency (FEMA) to provide emergency assistance throughout Texas.

7. During the February freeze, Plaintiff's water pipes burst due to the freeze. Overwhelmed and undermanned by the number of claims in Texas from the winter catastrophe, Allstate intentionally set about to conduct an outcome-oriented investigation to deny Plaintiff's claim. Allstate first adjuster personally saw the busted copper water pipes spraying water underneath the house. Allstate's second adjuster also saw the busted pipes but would not go under the house for a

further inspection as it was too wet and muddy from the busted water pipes. Allstate was given a copy of the plumber's report which stated:

> On February 20th we observed multiple breaks and disruptions to the copper plumbing system from the freeze. The plumbing system was stressed in its entirety; therefore, will need to be replaced. The Kaminski's home is historical resulting in labor-intensive demolition, repair, costly materials, hidden and unforeseen circumstances/damages. Please note no work can begin until the pier/beam structure is leveled and repaired as it appeared damaged due to all the water pooling in the crawlspace from the pipe breaks.

8. Moisture readings confirmed the extent of the water damage that resulted from the historic freeze. Unbelievably, Allstate maintained that its investigation did not reveal any visible water damage from the busted frozen water pipes claiming the damage was caused by foundation settlement. Plaintiff has given his complete cooperation on this claim and has complied with all the conditions precedent for recovery under the insurance Policy as a result of the Loss.

9. On June 24, 2021, Plaintiff submitted a Sworn Proof of Loss in the amount of $526,425.78. On February 22, 2022, Allstate tendered payment to Plaintiff the amount of $144,684.03 as payment for the Loss. Subsequently, and pursuant to the appraisal provisions of the Policy, an Appraisal Award was issued on November 2, 2022, in the amount of $457,344.56 (ACV).

10. On November 11, 2022, Allstate paid $302,930.53 which was the Appraisal Award less the prior payment as the ACV of the Loss. On January 20, 2023, Allstate was sent by Certified Mail Return Receipt Requested, Plaintiff's Notice and Demand for the penalty interest pursuant to the Texas Prompt Payment of Claim. Allstate has failed and refused to respond the Notice and Demand.

## TEXAS INSURANCE CODE VIOLATION - §542.051 PROMPT PAYMENT OF CLAIM

11. Allstate has violated the Texas Insurance Code by failing to meet their obligations under Prompt Payment of Claim statute §542.051, *et. seq*. Plaintiff hereby sues for statutory penalty and

interest on the amount of the claim. The remedies provided hereunder are in addition to any other remedies provided by any other law or common law.

## CONDITIONS PRECEDENT

12. All conditions precedent to filing this action have occurred or have been performed or excused.

## ATTORNEY FEES

13. Further, Plaintiff has been required to engage the services of the undersigned attorney and has agreed to pay its attorney a reasonable fee for services expended and to be expended in the prosecution of Plaintiff's claims against Defendant Allied through the trial court and all levels of the appellate process.

## JURY DEMAND

14. Plaintiff requests that a jury be convened to try the factual issues in this action.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the award of statutory penalty and interest pursuant to the Texas Prompt Payment of Claim statute §542.051, *et. seq.*, and for reasonable and necessary attorney's fees, pre-judgment and post-judgment interest as allowed by law, and for all costs of court and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

RESPECTFULLY SUBMITTED,
**HUBBLE ♦ PISTORIUS**

By: /s/ John L. Hubble
John L. Hubble
State Bar No. 10144650

CAMPBELL CENTRE I NORTH TOWER
8350 North Central Expwy, Suite 1310
Dallas, Texas 75206

Case 3:23-cv-00279-D Document 1-4 Filed 03/24/23 Page 5 of 5 PageID 30

(214) 361-1262 (telephone)
(214) 373-3455 (facsimile)
johnhubble@hubblelaw.com